IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

Barbara J. Waite,

    Plaintiff

vs.                                           Case No:

CSPS Hotel, Inc., Suresh Shukla, and
Champa Shukla,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Barbara J. Waite sues Defendants CSPS Hotel, Inc., Suresh Shukla, and Champa Shukla (collectively, "Employer") and states the following:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA"), Art. X, § 24, Fla. Const. ("Florida Constitution"), and other applicable law to recover unpaid wages and/or overtime, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

2. At material times, Employer had a policy and practice of compensating Plaintiff at a rate less than the applicable minimum wage rate as required by the FLSA, Florida Constitution, and other applicable law.

3. At material times, Employer had a policy and practice of requiring Plaintiff to work in excess of forty (40) hours each workweek without paying her wages and/or overtime compensation as required by the FLSA, Florida Constitution, and other applicable law.

4. Pursuant to the FLSA, Florida Constitution, and other applicable law, Plaintiff seeks unpaid wages, overtime compensation, liquidated damages, and attorneys' fees and costs

Page 1 of 6

from Employer.

## JURISDICTION, VENUE, AND PARTIES

5.  This Court has subject matter jurisdiction over this action, pursuant to Chapter 26, Florida Statutes, as Plaintiff seeks to recover damages in excess of $15,000.00, exclusive of attorneys' fees, costs, and interest.

6.  Venue is proper under Chapter 47, Florida Statutes, as Plaintiff's claim arose in and Employer breached its duties to Plaintiff in Hillsborough County, Florida.

7.  At material times, Employer was an enterprise engaged in commerce as defined by the FLSA, Florida Constitution, and other applicable law in that they (a) had employees engaged in commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) had an annual gross volume of sales made or business done that is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

8.  At material times, Plaintiff was directly and regularly engaged in interstate commerce.

9.  At material times, Defendant CSPS Hotel, Inc., was an "employer" subject to the requirements of the FLSA, Florida Constitution, and other applicable law.

10. At material times, Plaintiff was an employee of Defendant CSPS Hotel, Inc., within the meaning of FLSA, Florida Constitution, and other applicable law.

11. At material times, Defendant CSPS Hotel, Inc., was Plaintiff's employer within the meaning of the FLSA, Florida Constitution, and other applicable law.

12. At material times, Defendant Suresh Shukla was an owner, operator, executive, and/or manger of Defendant CSPS Hotel, Inc., controlled Defendant CSPS Hotel, Inc.'s day-to-

day operations and/or exercised direct or indirect control over Plaintiff, and is responsible for the illegal pay practices alleged herein.

13. At material times, Defendant Suresh Shukla was an "employers" subject to the requirements of the FLSA, Florida Constitution, and other applicable law.

14. At material times, Plaintiff was an employee of Defendant Suresh Shukla within the meaning of FLSA, Florida Constitution, and other applicable law.

15. At material times, Defendant Suresh Shukla was Plaintiff's employer within the meaning of the FLSA, Florida Constitution, and other applicable law.

16. At material times, Defendant Champa Shukla was an owner, operator, executive, and/or manger of Defendant CSPS Hotel, Inc., controlled Defendant CSPS Hotel, Inc.'s day-to-day operations and/or exercised direct or indirect control over Plaintiff, and is responsible for the illegal pay practices alleged herein.

17. At material times, Defendant Champa Shukla was an "employers" subject to the requirements of the FLSA, Florida Constitution, and other applicable law.

18. At material times, Plaintiff was an employee of Defendant Champa Shukla within the meaning of FLSA, Florida Constitution, and other applicable law.

19. At material times, Defendant Champa Shukla was Plaintiff's employer within the meaning of the FLSA, Florida Constitution, and other applicable law.

## GENERAL ALLEGATIONS

20. Plaintiff is a former employee of Employer.

21. Plaintiff was paid on an hourly basis.

22. Plaintiff's duties were such that they did not satisfy the requirements of any of the exemptions set forth in the FLSA, Florida Constitution, and other applicable law.

23. Plaintiff regularly worked in excess of forty (40) hours a workweek for Employer.

24. Despite regularly working in excess of forty (40) hours a workweek, Plaintiff was prevented from reporting all or part of her hours on her time records.

25. Plaintiff was not paid time and a half her regular rates of pay for the overtime hours she worked.

26. Plaintiff was not paid at the applicable minimum wage rate for each hour worked.

27. Her actual wages for any workweek divided by the number of hours she worked in such week equals an hourly rate less than the applicable minimum wage rate.

28. Employer, through their managerial employees, had knowledge that Plaintiff was working over forty (40) hours a workweek and was not receiving overtime compensation as required by the FLSA, Florida Constitution, and other applicable law.

29. Employer, through their managerial employees, had knowledge that Plaintiff was not being paid at the applicable minimum wage rate required by the FLSA, Florida Constitution, and other applicable law.

30. Employer did not make, keep, or preserve accurate records of the hours that Plaintiff worked as required by the FLSA, Florida Constitution, and other applicable law.

31. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay her legal counsel a reasonable fee for their services.

32. Plaintiff demands a trial by jury on all issues so triable.

## COUNT I
(Violations of the FLSA Overtime Provisions as Against All Defendants)

33. Plaintiff realleges paragraphs 1 through 32, above.

34. Employer's failure to pay Plaintiff wages and/or overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA.

35. Because of the above, Plaintiff has suffered damages.

36. Employer's violations of the FLSA were willful.

WHEREFORE, Plaintiff demands judgment against Employer for the following:

    a. Damages in the amount of the unpaid wages and/or overtime compensation owed to her,
    b. Liquidated damages pursuant to the FLSA, Florida Constitution, and other applicable law,
    c. Prejudgment interest,
    d. Reasonable attorneys' fees and costs pursuant to the FLSA, Florida Constitution, and other applicable law, and
    e. All such other relief as the Court deems just, equitable, and appropriate.

## COUNT II
(Violations of the FLSA Minimum Wage Provision as Against All Defendants)

37. Plaintiff realleges paragraphs 1 through 32, above.

38. Employer's failure to pay Plaintiff minimum wage constitutes a violation the FLSA.

39. Because of the above, Plaintiff has suffered damages.

40. Employer's violations of the FLSA were willful.

WHEREFORE, Plaintiff demands judgment against Employer for the following:

    a. Damages in the amount of the unpaid wages and/or overtime compensation owed to her,
    b. Liquidated damages pursuant to the FLSA, Florida Constitution, and other applicable law,
    c. Prejudgment interest,
    d. Reasonable attorneys' fees and costs pursuant to the FLSA, Florida Constitution, and other applicable law, and
    e. All such other relief as the Court deems just, equitable, and appropriate.

## COUNT III
(Violations of the Florida Constitution as Against All Defendants)

41. Plaintiff realleges paragraphs 1 through 32, above.

42. Plaintiff is entitled to minimum wage for all hours worked pursuant to the Florida

Constitution.

43. Employer's failure to pay Plaintiff at the applicable minimum wage constitutes a violation of the Florida Constitution.

44. Because of the above, Plaintiff has suffered damages.

45. Employer's violations of the Florida Constitution were willful.

WHEREFORE, Plaintiff demands judgment against Employer for the following:

a. Damages in the amount of the unpaid wages and/or overtime compensation owed to her,
b. Liquidated damages pursuant to the FLSA, Florida Constitution, and other applicable law,
c. Prejudgment interest,
d. Reasonable attorneys' fees and costs pursuant to the FLSA, Florida Constitution, and other applicable law, and
e. All such other relief as the Court deems just, equitable, and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated October 30, 2014.

Respectfully submitted,

JOHN BALES ATTORNEYS

_____
Michael Schuette
Florida Bar No. 106181
A Bales Professional Association
Service Email:
Team-EmploymentLaw@JohnBales.com
9700 Dr. Martin Luther King, Jr. St., Suite 400
St. Petersburg, Florida 33702
Telephone: (727) 823-9100
Telephone: (813) 224-9100
Telefacsimile: (727) 579-9109
Telefacsimile: (813) 224-9109
Attorneys for Plaintiff